2006 UT App 294

STATE of Utah, In the Interest of F.L.R., a person under eighteen years of age.

State of Utah, Plaintiff and Appellee,

v.

F.L.R., Defendant and Appellant.

No. 20050943–CA.

Court of Appeals of Utah.

July 13, 2006.

---

Joan C. Watt and Patrick L. Anderson, Salt Lake City, for Appellant.

Mark L. Shurtleff and Joanne C. Slotnik, Salt Lake City, for Appellee.

Before Judges BENCH, BILLINGS, and ORME.

· MEMORANDUM DECISION

ORME, Judge:

¶ 1 We have ·determined that "[t]he facts and legal arguments are adequately presented in the briefs and record[,] and the decisional ·process would not be significantly aided by oral argument." Utah R.App. P. 29(a)(3). Moreover, the issues presented are readily resolved under applicable law.

¶ 2 Appellant contends that because merely claiming to have a weapon while committing a robbery "barely demonstrates an aggravated robbery," the juvenile court erred in concluding that Appellant committed the robbery in a violent o̓r aggressive manner. We disagree.

¶ 3 It is true that there may be instances where a juvenile could prove that his offense was not committed in a violent or aggressive manner. *See In re A.B.*, 936 P.2d 1091, 1101–02 (Utah Ct.App.) ("It is ̓foreseeable that a juvenile could c̓ommit an enumerated offense with a low level of violence and aggression, so as to defeat the presumption of district court jurisdiction over a serious youth offender."), *cert. denied,* 945 P.2d 1118 (Utah 1997). However, the language of Utah Code section 78–3à–602 createṡ "a strong presumption that caseṡ involving inherently violent and aggressive offenses by juveniles sixteen years of age and older will be transferred to the district court." *Id.* at 1099. *See* Utah Code Ann. § 78–3a–602(3) (Supp. 2005). In fact, the statute "places the burden *on the juvenile* to show by clear and convincing evidence that his or her role in the alleged offense was not violent[ or] aggressive." *In re Z.R.S.*, 951 P.2d 1114, 1116 (Utah Ct.App.1998) (per curiam) (emphasis added).

¶ 4 Consequently, "[t]here is nothing in the plain language of the statute requiring the juvenile court to find a level of violence[ or] aggression ... greater than that inherent in the underlying offense." *In re M.E.P.*, 2005 UT App 227,¶ 11, 114 P.3d 596. Nor is the juvenile court required "to employ any sort of balancing test or to determine the degree of aggression and [violence] and whether it warranted treatment as an adult." *In re Z.R.S.,* ·951 P:2d at 1116 (internal quotations

omitted). Thus, Appellant bears the heavy burden of rebutting that presumption and "show[ing] by clear and convincing evidence that his ... role in the alleged offense was *not* violent[ or] aggressive."[1] *Id.* (emphasis added). Here, we agree with the juvenile court that Appellant has failed to meet his burden.

¶5 Even though Appellant never made any physical manifestation that he had a gun or explicitly threatened to use it, the statement "I have a gun," coupled with a demand for any money the victim was carrying, implied a threat that a gun was readily available and would in fact be used if the victim failed to cede to Appellant's demands. It would certainly have been reasonable for the victim to surmise that Appellant had a gun and was prepared to use it.

¶6 Appellant contends, however, that claiming to have a gun, standing alone, does not show the crime was committed in a violent or aggressive manner and that his other actions were not ruthless or extreme enough to be characterized as violent or aggressive. We conclude that given Appellant's verbal threat in conjunction with his actions—i.e., putting himself in a close and uncomfortable proximity to the victim, preventing the victim from entering her truck, and helping himself to property in the victim's car—the circumstances of the robbery support the juvenile court's conclusion that Appellant's role in the crime was violent or aggressive. *Cf. In re Z.R.S.,* 951 P.2d at 1116–17 (affirming that juvenile's role in an aggravated burglary was aggressive because of his forced entry into the home, his possession of a knife, and his gestures towards the victim that she testified made her feel threatened).

¶7 Moreover, Appellant has not presented any competing evidence that suggests that his role in the crime was anything other than characteristic of the violence or aggression that is inherent in the crime of aggravated robbery. *See id.* at 1117 (juvenile's "inability to prove that his actions [constituting the crime of aggravated burglary] were not ag-

gressive was fatal to his efforts to avoid a bindover to district court"). *Cf. State v. Lara,* 2003 UT App 318,¶¶ 30–31, 79 P.3d 951 (concluding that juvenile's role in the aggravated robbery and aggravated assault was not violent or aggressive because "[h]e remained in the backseat of the car while two of his three friends perpetrated the armed robbery" and his role in the crime was otherwise "limited entirely to driving the victim's vehicle away" after the victim had been dispossessed of it), *aff'd,* 2005 UT 70, 124 P.3d 243.

¶8 Affirmed.

¶9 WE CONCUR: RUSSELL W. BENCH, Presiding Judge, and JUDITH M. BILLINGS, Judge.

---

1. As this court has noted before, it is the result of "a legislative policy decision" that such a "high presumption" will sometimes "thrust juveniles who would benefit from the rehabilitative nature of the juvenile system into the world of adult

criminal sanctions." *In re M.E.P.,* 2005 UT App 227,¶14, n. 4, 114 P.3d 596 (internal quotations and citation omitted). And absent unconstitutionality, we will not disturb the Legislature's policy decision. *See id.*